# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6154 | **DATE** | 11/2/2007 |
| **CASE TITLE** | Nicholas J. Lenzen vs. Legal Advantage, LLC, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, Plaintiff is requested to amend his complaint (D.E. 1) by November 23, 2007, to demonstrate that this Court is an appropriate forum for the underlying litigation. If diversity jurisdiction does not properly lie, the case will be dismissed without prejudice so that Plaintiff may pursue the case, if he chooses, in an appropriate forum.

*/s/ Mark Filip*

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In reviewing the complaint, the Court has identified a threshold issue concerning the propriety of federal jurisdiction in this case. *See generally Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) (discussing a federal district court's "obligation to review its own jurisdiction" and to raise the issue of the propriety of federal jurisdiction *sua sponte*); *accord, e.g.*, Fed. R. Civ. P. 12(h)(3). Plaintiff is respectfully requested to investigate this subject, as discussed further below. If federal diversity jurisdiction is appropriate, Plaintiff should file an amended complaint within 21 days of this order, with the amendment directed to setting forth the appropriate jurisdictional averments. If jurisdiction is not appropriate, the case will be dismissed without prejudice so that Plaintiff can pursue the case, if he chooses, in an appropriate forum.

In the Complaint, Plaintiff states that Defendant Legal Advantage, LLC is "a limited liability company formed and existing under the laws of Florida, and has a principal place of business located at 4330 East West Highway, Suite 304, Bethesda, Maryland 20814." (D.E. 1 ¶ 3.) The Complaint further states that Defendant Legal Advantage, LLC is "not a citizen of Illinois." (*Id.* ¶ 4.)

These jurisdictional averments are inadequate. Under federal law, the relevant issue for assessing the propriety of diversity jurisdiction is the citizenship of the parties. *See, e.g.*, *H.B. Fuller Co. v. Kinetic Systems, Inc.*, 932 F.2d 681, 685 (7th Cir. 1991) (citing 28 U.S.C. § 1332(a)(1)). For citizenship purposes, a limited liability company is a citizen of "every state of which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a partnership or LLC." *Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Plaintiff should please offer the names and appropriate citizenships of any and all members of Defendant Legal Advantage, LLC to indicate the state(s) in which Legal Advantage, LLC is considered a citizen. If complete diversity lies, the case may proceed in federal court—at least as a matter of subject matter jurisdiction, given that the amount in controversy also appears to be met. If there is not complete diversity, then the case cannot proceed here. Plaintiff bears the burden of establishing the propriety of federal diversity jurisdiction. *See Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994) ("Of course, [Plaintiff] bore the burden of establishing the existence of diversity jurisdiction when it originally filed suit."). If diversity jurisdiction does not properly lie, the case will be dismissed without prejudice so that Plaintiff may pursue the case, if he chooses, in an appropriate forum.

| | Courtroom Deputy Initials: | TBK |
|---|---|---|