IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nicholas J. Lenzen, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No.  07 C 6154 |
| | ) | |
| v. | ) | |
| | ) | U.S. District Judge Filip |
| Legal Advantage, LLC | ) | |
| | ) | Magistrate Judge Denlow |
| and | ) | |
| | ) | |
| Legal Advantage Services, Inc. | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

### AMENDED COMPLAINT

Plaintiff Nicholas J. Lenzen, by and through its attorneys, complains of Defendants Legal Advantage, LLC and Legal Advantage Services, Inc., and in support thereof alleges as follows:

### THE PARTIES

1. Plaintiff Nicholas J. Lenzen (hereinafter "Lenzen") is an individual residing at 324 Oak Meadow Court, Schaumburg, Illinois, 60193, which is located in Cook County, Illinois.

2. Lenzen is a citizen of Illinois.

3. Upon information and belief, Defendant Legal Advantage, LLC (hereinafter "LA, LLC") is a limited liability company formed and existing under the laws of Florida,

1

and has a principal place of business located at 4330 East West Highway, Suite 304, Bethesda, Maryland 20814.

4. Upon information and belief, the members of LA, LLC are individuals named Mirza Baig and Akbar Sharfi. Upon information and belief, Mirza Baig resides at 6812 Delaware Street, Chevy Chase, Maryland 20815, and thus Baig is a citizen of Maryland. Upon information and belief, Akbar Sharfi resides at 7210 Pioneer Lakes Circle, West Palm Beach, Florida 33413, and thus Sharfi is a citizen of Florida. LA, LLC is a citizen of Florida and Maryland. LA, LLC is not a citizen of Illinois. Upon representations by Defendant LA, LLC through counsel, no members of LA, LLC are citizens of Illinois as of the date of the filing of the Complaint, October 31, 2007.

5. Upon information and belief, Defendant Legal Advantage Services, Inc. (hereinafter "LAS, Inc.") is a corporation formed and existing under the laws of California and has a principal place of business located at 11600 Washington Place, Suite 105, Los Angeles, California 90066.

6. LAS, Inc. is a citizen of California. LAS, Inc. is not a citizen of Illinois.

7. Upon information and belief, Defendant LA, LLC is a successor in interest to Defendant LAS Inc.

8. Upon information and belief, Defendant LA, LLC purchased, acquired, merged with, or otherwise succeeded in interest to Defendant LAS, Inc.

## JURISDICTION AND VENUE

9. This is a civil action for breach of contract, statutory violations of Illinois law, injunctive relief, and damages. This action arises in part under common law

breach of contract and Illinois state statutes. This action also arises in part under 28 U.S.C. §2201 for the purpose of determining questions of actual controversy. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. Jurisdiction is also conferred in part based upon 28 U.S.C. § 1367.

10. Upon information and belief, Defendants are and have in the past conducted business in Illinois, and in this Judicial District as discussed in more detail herein. Moreover, Defendant LA, LLC maintains an office and regularly transacts business in Illinois. Defendant LAS, Inc. has in the past maintained an office and regularly transacted business in Illinois. The contracts referred to herein were executed and performed in Illinois. Requiring Defendants to respond to this action will not violate due process. Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, and Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure.

11. Venue lies in this district pursuant to 28 U.S.C. §§ 1391(a) and (c).

**GENERAL ALLEGATIONS**

12. Plaintiff Lenzen is an independent contractor and salesperson engaged in the business of selling, among other things, legal support services including patent graphic and drafting services. Lenzen has engaged in such services for the past seven years.

13. Defendant LAS, Inc. is currently and/or was in the past in the business of providing legal support services, including patent graphic and drafting services to a variety of customers including law firms, corporations, and other entities.

14. Defendant LA, LLC is and/or was in the past in the business of providing legal support services, including patent graphic and drafting services to a variety of customers including law firms, corporations, and other entities.

15. In late 2002 and the beginning of 2003, Defendant LAS, Inc. engaged in discussions to retain and contract with Plaintiff Lenzen for a business relationship in which Lenzen would act as a sales person for LAS, Inc. relating to selling legal support services including patent graphic and drafting services. After discussions and negotiations, LAS, Inc. and Lenzen reached an agreement in principal, which was memorialized in a Letter of Intent dated May 20, 2003, a copy of which is attached hereto as Exhibit A. Defendant LAS, Inc. drafted, accepted and executed the Letter of Intent.

16. On or about May 26, 2003, Defendant LAS, Inc. and Plaintiff Lenzen executed a Service Agreement engaged Lenzen as an independent contractor salesperson for selling legal support services provided by LAS, Inc. to various customers. A copy of the Service Agreement is attached hereto as Exhibit B. Defendant LAS, Inc. drafted, accepted and executed the Service Agreement.

17. On or about June 9, 2003, Defendant LAS, Inc. and Plaintiff Lenzen executed a First Amendment to the Service Agreement, which modified and clarified certain terms and conditions therein. A copy of the First Amendment is attached hereto

as Exhibit C.  Defendant LAS, Inc. drafted, accepted and executed the First Amendment.

18.    On or about June 16, 2003, Defendant LAS, Inc. and Plaintiff Lenzen executed a Second Amendment to the Service Agreement, which modified and clarified certain terms and conditions therein.  A copy of the Second Amendment is attached hereto as Exhibit D.  Defendant LAS, Inc. drafted, accepted and executed the Second Amendment.

19.    On or about February 15, 2005, Defendant LAS, Inc. and Plaintiff Lenzen executed a Third Amendment to the Service Agreement, which modified certain terms and conditions therein.  A copy of the Third Amendment is attached hereto as Exhibit E.  Defendant LAS, Inc. drafted, accepted and executed the Third Amendment.

20.    The Service Agreement and the Amendments thereto are governed by Illinois law.

21.    Upon information and belief, Defendant LA, LLC was formed and incorporated on or about April 19, 2005.

22.    Upon information and belief, in or around April 2005, Defendant LA, LLC succeeded in interest to Defendant LAS, Inc.

23.    As the successor in interest to LAS, Inc., Defendant LA, LLC assumed all of the debts, liability, contracts, and other obligations of Defendant LAS, Inc.

## **COUNT ONE**

## **BREACH OF CONTRACT**

24.     Plaintiff hereby incorporates paragraphs 1 through 23 of the Complaint, as if fully set forth herein in their entirety.

25.     One or more agreements exist between Plaintiff Lenzen and Defendants LAS, Inc. and LA, LLC, including the Service Agreement and the Amendments thereto.

26.     At all times relevant hereto, Plaintiff Lenzen performed all of the obligations required of him under the Service Agreement and the Amendments thereto.

27.     Pursuant to the Service Agreement and the Amendments, Defendant LAS, Inc. and its successor Defendant LA, LLC were obligated by the terms therein to perform certain duties and make certain payments as outlined therein.

28.     Defendants LAS, Inc. and LA, LLC, have breached the Service Agreement and the Amendments thereto by failing to perform many of their duties and obligations there under.  Such breaches include, but are not limited to, failing to make commission payments due under the contract, failing to provide benefits owed to Lenzen under the contract (leased company car, paid vacations, stock option plan, retirement plan, etc.), failing to make timely base salary payments under the contract, failing to pay expenses due Lenzen under the contract, failing to issue stock to Lenzen, failing to compensate Lenzen for his stock in LAS, Inc. when it was sold and/or transferred to LA, LLC, and other failures.

29.     As a direct and proximate result of breaches by Defendants LAS, Inc. and LA, LLC, Plaintiff Lenzen has sustained damages.

## **COUNT TWO**

## **VIOLATIONS OF ILLINOIS SALES REPRESENTATIVE ACT**

30. Plaintiff hereby incorporates paragraph 1 through 29 of the Complaint, as if fully set forth herein in their entirety.

31. From 2003 through the present, Plaintiff Lenzen was engaged as a salesperson by Defendant LAS, Inc. and its successor in interest, Defendant LA, LLC.

32. During the course of that relationship, Lenzen was a sales representative as defined in 820 ILCS 120/1(4).

33. During the course of that relationship, Defendants LAS, Inc. and LA, LLC were principals as defined in 820 ILCS 120/1(3).

34. Pursuant to the one or more agreements between Plaintiff Lenzen and Defendants LAS, Inc. and LA, LLC, Lenzen performed and provided sales services to Defendants LAS, Inc. and LA, LLC. In exchange therefore, Defendants LAS, Inc. and LA, LLC were required to make certain commission payments to Plaintiff Lenzen.

35. The commission payments due Lenzen fall within the definition of 820 ILCS 120/1(1).

36. Defendants LAS, Inc. and LA, LLC failed to make commission payments due and owing to Plaintiff Lenzen in derogation of their obligations under the relevant agreements.

37. The failure by Defendants LAS, Inc. and LA, LLC to make certain commission payments to Plaintiff Lenzen constitute violations of the Illinois Sales Representative Act, 820 ILCS 120/3.

## COUNT THREE

## DECLARATORY JUDGMENT THAT LENZEN HAS IMPROPERLY NOT BEEN ISSUED STOCK IN LAS, INC., THAT LENZEN OWNS THREE PERCENT OF OUTSTANDING STOCK OF LAS, INC. AND THAT LENZEN OWNS A PROPORTIONATE SHARE OF OWNERSHIP (THREE PERCENT) IN LA, LLC.

38.     Plaintiff hereby incorporates paragraph 1 through 37 of the Complaint, as if fully set forth herein in their entirety.

39.     In accordance with the Third Amendment (Exhibit E) to the Service Agreement (Exhibit B), Lenzen was to be issued certain stock and associated ownership interest in Defendant LAS, Inc.

40.     No stock in LAS, Inc. was ever issued to Lenzen.

41.     Lenzen has made repeated demands to LAS, Inc. and LA, LLC that such stock be issued.

42.     No payment has ever been made to Lenzen for his ownership interest in LAS, Inc.

43.     No payment has ever been made to Lenzen for his stock in LAS, Inc.

44.     Lenzen never sold, transferred, assigned or relinquished his ownership interest in Defendant LAS, Inc.

45.     In or around April 2005, LAS, Inc. was purportedly sold, transferred, and/or merged with Defendant LA, LLC.

46.     At such time, and at all times thereafter, Lenzen's ownership interest in LAS, Inc. was never purchased.

47. As such, Lenzen retains ownership of his ownership interest in LAS, Inc. and the associated proportionate share of ownership in its successor LA, LLC.

48. Lenzen is entitled to a declaratory judgment that he is and was an owner of three percent of all outstanding stock in LAS, Inc., and that as a result of such stock and attendant ownership rights never having been purchased from him, Lenzen is a three-percent owner of LA, LLC.

## COUNT FOUR

## REFORMATION OF CONTRACT DUE TO MUTUAL MISTAKE

49. Plaintiff hereby incorporates paragraph 1 through 48 of the Complaint, as if fully set forth herein in their entirety.

50. In contracting to retain Lenzen's services, LAS, Inc. and Lenzen negotiated and came to an agreement on a number of matters relating to the relationship between them.

51. Among such matters, Lenzen and LAS, Inc. negotiated and agreed upon a commission structure. The actual agreement between Lenzen and LAS, Inc. was that if Lenzen generated monthly sales of 250 sheets of drawings or less, he would be paid a commission of 20% of the monthly revenue received from such sales (less Lenzen's monthly base salary of $4,166.67); if Lenzen generated monthly sales between 251 and 350 sheets of drawings, he would be paid a commission of 25% of monthly revenue received (less Lenzen's monthly base salary of $4,166.67); and if Lenzen generated

9

monthly sales greater than 350 sheets of drawings, he would be paid a commission of 30% of monthly revenue received (less Lenzen's monthly base salary of $4,166.67).

52.	This agreement as to sales commissions is reflected in paragraphs 4(A) and 4(B) of the Letter of Intent (Exhibit A).

53.	Lenzen and LAS, Inc. executed the Service Agreement (Exhibit B). In doing so, a mistake was made in the drafting of the Service Agreement as it relates to the commission structure to be paid to Lenzen. As a result of the mistake, the commission structure expressed in paragraph 4(c) of the Service Agreement is in error and does not reflect the true agreement of the parties.

54.	From the date of execution of the Service Agreement to the present, the parties have operated in accordance with the correct agreed upon commission structure, and not upon the mistaken memorialization of the commission structure in paragraph 4(c) of the Service Agreement. As such, in months when Lenzen generated sales in excess of 350 sheets of drawings, Defendants LAS, Inc. and LA, LLC paid to Lenzen commissions of 30% of the gross monthly revenue received from such sales, less Lenzen's monthly base salary of $4,166.67.

55.	Such payments evidence Defendants compliance with the true agreed upon commission structure which was mistakenly memorialized in the Service Agreement.

56.	The parties operated under the true agreed upon commission structure for over four (4) years, and never operated under the mistakenly memorialized commission structure in the Service Agreement.

57.     Despite clear evidence that the parties have operated under an incorrectly memorialized understanding as to commission to be paid to Lenzen, Defendant LA, LLC has recently indicated that the commissions paid to Lenzen in the past have been overpayments, that such overpayments were made erroneously, and that the language of the Service Agreement is the commission structure that should be followed. Moreover, Defendant LA, LLC has threatened Plaintiff Lenzen with actions to recover what they claim to be overpayments.  Thus, an actual controversy exists as to the mistake of fact described herein and embodied in paragraph 4(c) of the Service Agreement.

58.     As a result of the mistake, paragraph 4(c) of the Service Agreement contains an incorrect and mistaken expression of the parties true agreement as to commissions to be paid to Lenzen, and should be reformed so as to indicate and express the parties true agreement as to commission structure.

## COUNT FIVE

## DECLARATORY JUDGMENT OF CORRECT APPLICABLE COMMISSION RATE

59.     Plaintiff hereby incorporates paragraph 1 through 58 of the Complaint, as if fully set forth herein in their entirety.

60.     As a result of the mistake in the Service Agreement, the commission rate expressed in paragraph 4(c) therein is incorrect.

61.     The actual agreement between Lenzen and LAS, Inc. was that if Lenzen generated monthly sales of 250 sheets of drawings or less, he would be paid a commission of 20% of the monthly revenue received from such sales (less Lenzen's

monthly base salary of $4,166.67); if Lenzen generated monthly sales between 251 and 350 sheets of drawings, he would be paid a commission of 25% of monthly revenue received (less Lenzen's monthly base salary of $4,166.67); and if Lenzen generated monthly sales greater than 350 sheets of drawings, he would be paid a commission of 30% of monthly revenue received (less Lenzen's monthly base salary of $4,166.67).

62.     An actual controversy exists between Lenzen and Defendant LA, LLC regarding the correct commission to be applied under the Service Agreement, and the mistake memorialized in paragraph 4(c) therein.

63.     Lenzen is entitled to a declaratory judgment that the agreement expressed in paragraph 61 is the true agreement between the parties as to commissions to be paid to Lenzen, and that all such commissions remaining under the Service Agreement be paid in accordance with such commission structure.

## **COUNT SIX**

## **DECLARATORY JUDGMENT THAT NON-COMPETITION CLAUSE IN SERVICE AGREEMENT IS UNENFORCEABLE**

64.     Plaintiff hereby incorporates paragraph 1 through 63 of the Complaint, as if fully set forth herein in their entirety.

65.     Lenzen and LAS, Inc. entered into the Service Agreement (Exhibit B) and the Amendments thereto (Exhibits C, D, and E) on the dates aforementioned.

66.     As a result of the multiple breaches of the Sales Agreement and the Amendments thereto by Defendant LAS, Inc. and its successor LA, LLC, the non-competition clause in paragraph 7 of the Service Agreement is void and unenforceable.

67. The non-competition clause contained in paragraph 7 of the Service Agreement is vague, overly broad, an improper restraint on trade, and violates Illinois public policy.

68. As a result, such non-competition clause is void and unenforceable.

69. Lenzen is entitled to an order declaring that the non-competition clause in the Service Agreement and Amendment thereto is void and unenforceable.

70. Despite the fact that the non-competition clauses in the Service Agreement and Amendment thereto are void and unenforceable, Defendants have incorrectly made multiple statements, threats, and comments to Lenzen that the non-competition clauses remain enforceable.

71. Upon information and belief, Defendants LAS, Inc. and LA, LLC have in the past and will in the future continue to make comments to third parties that Lenzen is under certain obligations pursuant to the non-competition clauses, when in fact, Lenzen is not.

72. As such, an actual controversy exists between the parties regarding the enforceability of the non-competition clause of the Service Agreement.

73. Lenzen is entitled to an order declaring that the Defendants and their respective officers, members, employees, agents, servants, and attorneys, are prohibited from making any claims or allegations to third parties that Plaintiff Lenzen is prohibited from performing sales services pursuant to the non-competition clauses in the Service Agreement and the Amendment thereto.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all matters in the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nicholas J. Lenzen prays for judgment against Defendant Legal Advantage, LLC and Defendant Legal Advantage Services, Inc., jointly and severally, as follows and for the following relief:

A.   That Defendants LAS, Inc. and LA, LLC be held to have breached the Service Agreement and the Amendments thereto, and that as a result of such breaches, Plaintiff Lenzen has suffered damages.

B.   That Defendants LAS, Inc. and LA, LLC be directed to fully compensate Plaintiff Lenzen for all damages attributable to their breaches of the Service Agreement and the Amendments thereto in an amount according to proof at trial, as well as pre- and post-judgment interest.

C.   That Defendants LAS, Inc. and LA, LLC be held to have violated the Illinois Compensation Act, 820 ILCS 120/0.01 *et. seq.*, in their failure to timely and appropriately pay commissions due to Plaintiff Lenzen.

D.   That Defendants LAS, Inc. and LA, LLC be directed to fully compensate Plaintiff Lenzen for all outstanding unpaid commissions pursuant to 820 ILCS 120/2–3, along with pre- and post-judgment interest.

E.   That all unpaid commissions due to Plaintiff Lenzen and other damages be trebled in accordance with 820 ILCS 120/2-3.

F.  That Plaintiff Lenzen be awarded his attorneys' fees in accordance with 820 ILCS 120/3.

G.  That Plaintiff be awarded damages in an amount proved at trial, which upon information and belief, exceeds $200,000 exclusive of interest, costs, and attorneys fees.

H.  That Plaintiff be provided a Declaration of Rights, pursuant to 28 U.S.C. 2201, that Lenzen is and was an owner of three percent of all outstanding stock in LAS, Inc., and that as a result of such stock and attendant ownership rights never having been purchased from him, Lenzen is a three-percent owner of LA, LLC.

I.  That Plaintiff be provided a Declaration of Rights, pursuant to 28 U.S.C. 2201, that the non-competition clauses in the Service Agreement and Amendment thereto are null, void, and unenforceable.

J.  That Plaintiff be entitled to an injunction against Defendants LAS, Inc. and LA, LLC, and their respective officers, members, employees, agents, servants, and attorneys, which prohibits them from making any claims or allegations to third parties that Plaintiff Lenzen is prohibited from performing sales services pursuant to the non-competition clauses in the Service Agreement and the Amendment thereto.

K.  That Plaintiff be provided a Declaration of Rights, pursuant to 28 U.S.C. 2201, that the Service Agreement contains certain mutual mistakes of fact relating to the parties agreement as to commission to be paid to Lenzen, that such mutual mistakes of fact be corrected to reflect the parties actual agreement, and that the Service Agreement and Amendments thereto be reformed accordingly.

L.      That Plaintiff be provided a Declaration of Rights, pursuant to 28 U.S.C. 2201, that the agreement expressed in the paragraph 61 is the true agreement between the parties as to commissions to be paid to Lenzen, and that all such commissions remaining under the Service Agreement be paid in accordance with such commission structure.

M.      That Plaintiff be awarded reasonable attorney's fees.

N.      That Plaintiff be awarded the costs of suit, and an assessment of interest (pre-judgment and post-judgment).

O.      That Plaintiff have such other, further, and different relief as the court deems proper under the circumstances.


Dated: November 19, 2007                Respectfully Submitted, on behalf of
                                        Plaintiff Nicholas J. Lenzen



                                        By:  /s/ Vladimir I. Arezina
                                        Vladimir I. Arezina,
                                        One of Its Attorneys


Plaintiff's Attorneys:
Vladimir I. Arezina
Carmen B. Patti
Scot R. Hewitt
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810

## **CERTIFICATE OF SERVICE**

      Vladimir I. Arezina, an attorney, certifies that on Monday, November 19, 2007, he caused the foregoing Amended Complaint to be filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

      <u>/s/ Vladimir I. Arezina</u>
      Vladimir I. Arezina (6276348)
      Patti, Hewitt & Arezina LLC
      One North LaSalle Street, Suite 4400
      Chicago, IL 60602
      Phone: 312-346-2800
      Fax: 312-346-2810