IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nicholas J. Lenzen, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No.  07 C 6154 |
| | ) | |
| v. | ) | |
| | ) | U.S. District Judge Filip |
| Legal Advantage, LLC | ) | |
| | ) | Magistrate Judge Denlow |
| and | ) | |
| | ) | |
| Legal Advantage Services, Inc. | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |
| _____ | ) | |
| | ) | |
| Legal Advantage, LLC, | ) | |
| | ) | |
| Counterclaim Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Nicholas J. Lenzen, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## MOTION TO DISMISS COUNTERCLAIM

Plaintiff Nicholas J. Lenzen, by and through its attorneys, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Counterclaim filed by Legal Advantage, LLC, and in support thereof alleges as follows:

### I.  Background

On October 31, 2007, the Complaint in this matter was filed, wherein jurisdiction is based solely upon diversity of citizenship of the parties.  On November 2, 2007, the Court *sua sponte* requested Plaintiff to amend the Complaint after identifying a threshold issue concerning jurisdiction.  (Efiling Doc. 6)  That issue related to

1

identification of the members of Defendant Legal Advantage, LLC, and their respective citizenships for purposes of satisfying complete diversity. Plaintiff conducted due diligence to determine the individual members of the LLC, and their citizenships. Plaintiff also requested Defendant Legal Advantage, LLC, through counsel, provide such information. Defendants refused to identify the members of the LLC, but were willing to confirm that none of the members of the LLC resided in Illinois at the time of the filing of the Complaint. Thus, in its Amended Complaint (Efiling Doc. 7), filed November 18, 2007, Plaintiff identified two individual members of Legal Advantage, LLC, and their respective citizenships, which Plaintiff believed properly established complete diversity in this case.

Defendant Legal Advantage, LLC has now filed its Answer and Counterclaims (Efiling Doc. 12) against Plaintiff Lenzen. In doing so, it has *denied* Plaintiff's factual averments as to the identities and citizenships of the members of the LLC. (See Answer, ¶4). Moreover, in its Counterclaims, Legal Advantage, LLC fails to identify any of the members of the LLC and their respective citizenships to support diversity jurisdiction, which is the basis for its counterclaims. Instead, Legal Advantage, LLC states in a conclusory manner that it "is a citizen of Florida and Maryland, and is not a citizen of Illinois." (See Counterclaims, ¶3). Thus, the same threshold issue remains, and Plaintiff requests that Defendants' Counterclaims be dismissed and Defendant be granted leave to file Amended Counterclaims in which it identifies all of the members and their respective citizenships for the purposes of establishing federal jurisdiction. There is no need for this case to continue into discovery if subject matter jurisdiction does not exist.

**II. Argument**

Like the basis for jurisdiction alleged in the Complaint, the basis for Defendant Legal Advantage, LLC's counterclaim is diversity jurisdiction under 28 USC. §1332(a)(1). In paragraph six (6) of the Counterclaims, Legal Advantage, LLC pleads diversity of citizenship and the requisite $75,000.00 amount in controversy. As the Court stated in its Order of November 2, 2007 (Efiling Doc. 6), the relevant issue for assessing the propriety of diversity jurisdiction is the citizenship of the parties. *H.B.*

*Fuller co. v. Kinetic Systems, Inc.*, 932 F.2d 681,685 (7th Cir. 1991).  A limited liability company is a citizen of every state of which any member is a citizen.  *Mutual Assignment and Indemnification Col v. Lind-Waldock & Co., LLC*, 364 F.3d 858,861 (7th Cir. 2004).  As counterclaim plaintiff, Legal Advantage, LLC bears the burden of establishing the existence of diversity jurisdiction.  *Pollution Control Indus. Of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994).

Defendant Legal Advantage, LLC previously refused to identify its membership to Plaintiff.  In filing its counterclaims, it continues to avoid disclosure of that information by making only inappropriate conclusory allegations of jurisdiction.  Plaintiff, through correspondence, has requested Defendant amend its counterclaims voluntarily without the need for filing this motion, but Defendant Legal Advantage, LLC has again refused.  There is simply no reason to continue to play "hide the ball."  Plaintiff's amended allegations in its Amended Complaint were made upon investigation and due diligence.  However, unlike Plaintiff who has limited public information from which to ascertain the membership of the LLC, Defendant Legal Advantage, LLC possesses that information readily.  Given that Plaintiff's allegations as to the members of the LLC have been denied, and Defendant Legal Advantage, LLC seeks to avail itself of jurisdiction in this Court for purposes of their Counterclaims, Defendant Legal Advantage, LLC should plead the identity and citizenship of its members affirmatively to establish diversity jurisdiction conclusively, just as Plaintiff was required to do.

WHEREFORE, Plaintiff Nicholas J. Lenzen respectfully requests that this Court dismiss Legal Advantage, LLC's Counterclaims, and that leave be given to Legal Advantage, LLC to file Amended Counterclaims which include the identities and citizenships of all of the members of the LLC so as to establish federal jurisdiction, and for such other, further, and different relief as the court deems proper under the circumstances.

Dated: December 13, 2007  Respectfully Submitted, on behalf of
Plaintiff Nicholas J. Lenzen


By: /s/ Vladimir I. Arezina
    Vladimir I. Arezina,
    One of Its Attorneys


<u>Plaintiff's Attorneys:</u>
Vladimir I. Arezina
Carmen B. Patti
Scot R. Hewitt
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810
Email: varezina@phalegal.com

4

## **CERTIFICATE OF SERVICE**

      Vladimir I. Arezina, an attorney, certifies that on Thursday, December 13, 2007, he caused the foregoing **Motion to Dismiss** to be filed electronically, and to be served on the following persons by the Court's electronic filing system to all ECF registered parties indicated on the electronic filing receipt, and by U.S. Mail, postage prepaid:

    Darren M. Mungerson, Esq.
    Jenner & Block, LLP
    One IBM Plaza
    330 N. Wabash Ave.
    Chicago, Illinois  60611-7603

and on the following entity by U.S. Mail, postage prepaid:

    Legal Advantage Services, Inc.
    11600 Washington Place
    Suite 105
    Los Angeles, California  90066

                                            /s/ Vladimir I. Arezina
                                            Vladimir I. Arezina (6276348)
                                            Patti, Hewitt & Arezina LLC
                                            One North LaSalle Street, Suite 4400
                                            Chicago, IL 60602
                                            Phone: 312-346-2800
                                            Fax: 312-346-2810
                                            Email:  varezina@phalegal.com