**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS J. LENZEN,<br>    Plaintiff. | ) <br> ) <br> ) |
| v. | ) <br> ) |
| LEGAL ADVANTAGE, LLC, <br>        Defendant, | ) <br> ) <br> ) |
| and | ) <br> ) |
| LEGAL ADVANTAGE, SERVICES, INC., <br>        Defendant. | ) <br> ) <br> ) |
| ——————————————————— | ) <br> ) |
| LEGAL ADVANTAGE, LLC, <br>        Counterclaim plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| NICHOLAS J. LENZEN, <br>        Counterclaim defendant. | ) <br> ) <br> ) |

No. 07 C 6154

Judge Mark R. Filip

Magistrate Judge Morton Denlow

Jury Trial Demanded

<u>**Response to Plaintiff's Motion to Dismiss Counterclaims**</u>

Defendant and Counterclaim Plaintiff Legal Advantage, LLC ("Legal Advantage"), by and through its attorneys, Jenner & Block LLP, hereby responds to Plaintiff's Motion to Dismiss Counterclaim as follows:

<u>**Introduction**</u>

On November 18, 2007, Plaintiff Nicholas Lenzen ("Plaintiff") filed an Amended Complaint against Legal Advantage and another defendant, Legal Advantage Services, Inc. ("LAS, Inc."). Prior to filing the Amended Complaint, Plaintiff's counsel contacted Legal Advantage's counsel to confirm that none of Legal Advantage's members were citizens of Illinois. Legal Advantage's counsel confirmed to Plaintiff's counsel in a telephone call that none

of Legal Advantage's members were citizens of Illinois and there was complete diversity of citizenship.

On December 10, 2007, Legal Advantage filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and its Counterclaims against Plaintiff.  In its Answer, consistent with the representations Legal Advantage's counsel had made to Plaintiff's counsel, Legal Advantage admitted that none of its members are citizens of Illinois as of the date of October 31, 2007. (Answer at ¶ 4.)  Legal Advantage also admitted for purpose of jurisdictional requirements that the amount in controversy exceeds $75,000.00.  (Answer at ¶ 9.)

Legal Advantage brought two counterclaims against Plaintiff: a claim for unjust enrichment and a claim for breach of contract.  (Countercl. at ¶¶ 21-58.)  Both of Legal Advantage's counterclaims are so related to the claims plead by Plaintiff in his Amended Complaint that they form part of the same case or controversy. As such, Legal Advantage's counterclaims are compulsory counterclaims as defined in Fed. R. Civ. P. 13(a).  Accordingly, Legal Advantage alleged this Court has jurisdiction under 28 U.S.C. § 1367 over its counterclaims.  (*Id.* at ¶ 6.)  Legal Advantage also alleged this Court has jurisdiction over its counterclaims in part based upon 28 U.S.C. § 1332 inasmuch as there is diversity of citizenship between the parties and more than $75,000.00 in controversy in the Plaintiff's claims which give rise to the supplemental jurisdiction over the compulsory counterclaims.  (*Id.*)

## <u>Argument</u>

A compulsory counterclaim is a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."  F.R.C.P. 13(a).  A

court has jurisdiction over compulsory counterclaims under 28 U.S.C. § 1367.  *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574 (7th Cir. 1991).

Legal Advantage alleged two counterclaims against Plaintiff.  Both of these claims are compulsory counterclaims because they relate to the same transaction or occurrence that is the subject matter of Plaintiff's Amended Complaint.  In his Amended Complaint, Plaintiff alleged claims arising out of his service as an independent contractor to Legal Advantage and LAS, Inc.  Several of Plaintiff's claims relate to a contract signed by Plaintiff on June 4, 2003 and LAS, Inc. on June 6, 2003.  (Am. Compl. at ¶¶ 24-29; 49-73.)  Plaintiff has characterized this contract as the "Service Agreement" in his Amended Complaint.  (*Id*. at ¶¶ 12-23.)

Legal Advantage's counterclaim for unjust enrichment relates to Plaintiff's service as an independent contractor to Legal Advantage and LAS, Inc.  (Countercl. at ¶ 21-44.)  Legal Advantage's breach of contract counterclaim, moreover, is based on Plaintiff's breach of the Service Agreement (*id*. at ¶¶ 45-58), which is the subject matter of Plaintiff's claims for breach of contract, reformation of contract, and two declaratory judgment claims (Am. Compl. at ¶¶ 24-29; 49-73).  Accordingly, Legal Advantage's counterclaims are compulsory counterclaims over which this Court has supplemental jurisdiction under 28 U.S.C. § 1367.  Thus, Plaintiff's motion to dismiss is without merit and should be denied.

Additionally, Plaintiff's concerns over the diversity of the parties are unfounded and Plaintiff ignores the fundamental and primary basis for this Court's jurisdiction over Legal Advantage's counterclaims, namely that Legal Advantage's counterclaims are compulsory counterclaims under 28 U.S.C. § 1367.  Because this Court has jurisdiction under Section 1367, Plaintiff's argument relating to diversity jurisdiction of the counterclaims is moot, and there is no reason for this Court to dismiss Legal Advantage's Counterclaim and require Legal Advantage to

replead.  In its Answer, Legal Advantage has admitted that its members are not citizens of Illinois and that the amount in controversy as alleged by Plaintiff exceeds $75,000.00.  (Answer ¶¶ 4, 9.)  Legal Advantage's admissions are sufficient for Plaintiff to establish diversity jurisdiction for its claims under 28 U.S.C. § 1332.  Therefore, this Court should deny Plaintiff's motion to dismiss.

WHEREFORE, in light of the foregoing, Defendant and Counterclaim Plaintiff Legal Advantage, LLC respectfully requests this Court to deny Plaintiff's Motion to Dismiss Counterclaims.

Respectfully submitted,

LEGAL ADVANTAGE, LLC

By:___*/s/ Darren M. Mungerson*_____
One of Its Attorneys

Darren M. Mungerson (ARDC No. 6256434)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350

## <u>CERTIFICATE OF SERVICE</u>

   Darren M. Mungerson, an attorney, certifies that he caused a copy of the attached **Response to Plaintiff's Motion to Dismiss Counterclaims**, to be served on the following persons by the Court's electronic filing system and U.S. Mail, postage prepaid, on January 4, 2008:

     Vladimir I. Arezina
     Carmen B. Patti
     Scot R. Hewitt
     Patti, Hewitt & Arezina LLC
     One North LaSalle Street, Suite 4400
     Chicago, IL  60602
     Fax:  312-346-2810

     By: */s/ Darren M. Mungerson*
       Darren M. Mungerson