IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nicholas J. Lenzen, | ) | |
| | ) | |
|     Plaintiff | ) | Civil Action No.  07 C 6154 |
| | ) | |
| v. | ) | |
| | ) | U.S. District Judge Filip |
| Legal Advantage, LLC | ) | |
| | ) | Magistrate Judge Denlow |
|     and | ) | |
| | ) | |
| Legal Advantage Services, Inc. | ) | |
| | ) | |
|     Defendants. | ) | Jury Trial Demanded |
| _____ | ) | |
| | ) | |
| Legal Advantage, LLC, | ) | |
| | ) | |
|     Counterclaim Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Nicholas J. Lenzen, | ) | |
| | ) | |
|     Counterclaim Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM**

    Plaintiff Nicholas J. Lenzen, by and through its attorneys, hereby replies in support of its Motion to Dismiss Counterclaim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and in support thereof alleges as follows:

    **I.  Argument**

    The sole question before the court is subject matter jurisdiction.  As the counterclaims in question (like those in the Complaint) are based upon diversity of citizenship, the propriety of subject matter jurisdiction rises and falls with the citizenship of the members of Legal Advantage, LLC.  Defendant Legal Advantage, LLC ("LA,

LLC") devotes much of its opposition to the pending Motion to Dismiss on the issue of what it labels "a compulsory counterclaim" while ignoring its obligations to properly establish jurisdiction under controlling Seventh Circuit precedent. It is simply insufficient for LA, LLC to plead in conclusory fashion that it "is a citizen of Florida and Maryland, and is not a citizen of Illinois." Counterclaim ¶3.

Defendant LA, LLC's counterclaims are based on both diversity of citizenship under 28 USC § 1332, and on supplemental jurisdiction under 28 USC § 1367. Counterclaim ¶6. Defendant LA, LLC argues strongly in its opposition that section 1367 somehow permits it to plead jurisdictional averments with less specificity than is otherwise required to establish diversity jurisdiction. However, section 1367 does not permit LA, LLC to avoid the requirements of establishing diversity jurisdiction, nor does LA, LLC cite any case law to support such a position. The law remains that as counterclaim plaintiff, Legal Advantage, LLC bears the burden of establishing the existence of diversity jurisdiction. *Pollution Control Indus. Of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994).

Moreover, section 1367(c)(3), by its own terms, recognizes that supplemental jurisdiction may be relinquished when original jurisdiction is lacking – a fact which is dependent upon the citizenship(s) of the members of the LLC. Perhaps the most interesting aspect of LA LLC's opposition is how it ignores the fact that ***it has denied Plaintiff's factual averments as to membership of the LLC, and thus jurisdiction based thereon***. Thus, LA LLC wishes this case to proceed to the discovery stage despite the fact that it has **denied** Plaintiff's allegations as to membership of the LLC, and while seeking to avoid having to make those allegations itself. This should not be permitted, because LA LLC is in the best position to support its conclusory jurisdictional averments by specifically identifying its members and their citizenships. If diversity jurisdiction is not satisfied then the Counterclaims (like those in the Complaint) cannot go forward. The most efficient way for this Court to determine the propriety of subject matter jurisdiction in this case is for LA LLC to plead the details of membership and citizenship of the LLC. After all, this information will be required to be disclosed in discovery anyway, so it is difficult to understand why LA, LLC would resist having to

plead it at this time so as to avoid needless and wasteful discovery efforts if jurisdiction is not appropriate.

WHEREFORE, Plaintiff Nicholas J. Lenzen respectfully requests that this Court dismiss Legal Advantage, LLC's Counterclaims, and that leave be given to Legal Advantage, LLC to file Amended Counterclaims which include the identities and citizenships of all of the members of the LLC so as to establish federal jurisdiction, and for such other, further, and different relief as the court deems proper under the circumstances.

Dated: January 8, 2008

Respectfully Submitted, on behalf of
Plaintiff Nicholas J. Lenzen

By: /s/ Vladimir I. Arezina
    Vladimir I. Arezina,
    One of Its Attorneys

<u>Plaintiff's Attorneys:</u>
Vladimir I. Arezina
Carmen B. Patti
Scot R. Hewitt
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810
Email: varezina@phalegal.com

## CERTIFICATE OF SERVICE

      Vladimir I. Arezina, an attorney, certifies that on January 8, 2008, he caused the foregoing **Plaintiff's Reply in Support of Motion to Dismiss Counterclaim** to be filed electronically, and to be served on the following persons by the Court's electronic filing system to all ECF registered parties indicated on the electronic filing receipt, and by U.S. Mail, postage prepaid:

      Darren M. Mungerson, Esq.
      Jenner & Block, LLP
      One IBM Plaza
      330 N. Wabash Ave.
      Chicago, Illinois  60611-7603

and on the following entity by U.S. Mail, postage prepaid:

      Legal Advantage Services, Inc.
      11600 Washington Place
      Suite 105
      Los Angeles, California  90066

      /s/ Vladimir I. Arezina
      Vladimir I. Arezina (6276348)
      Patti, Hewitt & Arezina LLC
      One North LaSalle Street, Suite 4400
      Chicago, IL 60602
      Phone: 312-346-2800
      Fax: 312-346-2810
      Email:  varezina@phalegal.com