IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nicholas J. Lenzen, | ) |
| Plaintiff | ) Civil Action No. 07 C 6154 |
| v. | ) |
| | ) U.S. District Judge Darrah |
| Legal Advantage, LLC | ) |
| | ) Magistrate Judge Denlow |
| and | ) |
| Legal Advantage Services, Inc. | ) |
| Defendants. | ) Jury Trial Demanded |
| _____ | ) |
| Legal Advantage, LLC, | ) |
| Counterclaim Plaintiff | ) |
| v. | ) |
| Nicholas J. Lenzen, | ) |
| Counterclaim Defendant. | ) |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO**

**SUBPOENAS SERVED ON NASEER HASHIM AND IMAGING ADVANTAGE, LLC**

Plaintiff Nicholas J. Lenzen, by and through its attorneys, pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, hereby moves to compel production of documents pursuant to subpoenas served on third parties Naseer Hashim and Imaging Advantage, LLC, and in support thereof alleges as follows:

**I.      Background**

This matter involves a contract and business dispute between Plaintiff Nicholas Lenzen ("Lenzen") and Defendants Legal Advantage Services, Inc. ("LAS, Inc.") and

1

Legal Advantage, LLC ("LA, LLC"). As alleged in the Complaint, among other things, Lenzen was contracted as a salesperson by LAS, Inc., which later sold its business to LA, LLC which continued to utilize Lenzen's services under the contract. Naseer Hashim is the president of LAS, Inc. and the custodian of its documents. An order of default has been entered against LAS, Inc. for failing to timely appear and answer the Complaint. In the mean time, LAS, Inc. has gone into "inactive" status with the California corporations division. Imaging Advantage, LLC is a Delaware limited liability company formed and founded by Hashim and for which he is the president and CEO. Imaging Advantage, LLC has its principal place of business in Algonquin, Illinois, as seen on its website www.imaging-advantage.com. See Exhibit G herein.

Lenzen served upon Hashim and Imaging Advantage, LLC two subpoenas requesting documents relating to the instant dispute. Exhibits A and B. The subpoenas were express-mailed to Imaging Advantage, LLC's offices in Algonquin, Illinois, and were delivered to Hashim personally. Hashim, in fact, signed for the delivery on February 29, 2008, which included a letter from Lenzen's counsel and the two subpoenas. Exhibit C. On March 14, 2008, counsel for Lenzen received correspondence from attorney Dustin Hecker representing Hashim and Imaging Advantage, LLC, purporting to object to the subpoena. Exhibit D. Counsel for Lenzen has written to Mr. Hecker and spoken to him on the telephone in an effort to narrow the dispute but Hashim and Imaging Advantage, LLC have chosen to stand on their objections and not comply with the subpoenas. Because service was proper, the objections are without merit, and the scope of the subpoenas are appropriate, Lenzen respectfully requests this Court to compel production of responsive documents.

## II.   Argument

### A. Service

The objections interposed by Hashim and Imaging Advantage, LLC begin by complaining of deficient service. Rule 45(b) of the Federal Rules of Civil Procedure requires only that a copy of the subpoena be "delivered" to the person named thereon. No requirement of formal personal service such as that described in Rule 4 is required.

This has been specifically interpreted by various federal courts to allow service via certified mail. Doe v. Herseman, 155 F.R.D 630 (N.D. Ind. 1994), attached as Exhibit E. See also Hall v. Sullivan, 229 F.R.D. 501 (D. Md. 2005), attached as Exhibit F. The Doe court explained:

> "Nothing in this language [in Rule 45] suggests that in-hand, personal service is required to effectuate 'delivery,' or that service by certified mail is *verboten.* The plain language of the rule requires only that the subpoena be delivered to the person served by a qualified person. 'Delivery' connotes simply 'the act by which the *res* or substance thereof is placed within the actual ... possession or control of another.' BLACK'S LAW DICTIONARY 428 (6th ed. 1990). Where a mail carrier is a non-party more than 18 years old, certified mail may well assure the delivery foreseen by Rule 45. By way of both contrast and example, abode service, where a document is left at the served individual's dwelling, would not assure delivery *to the person. See* FED.R.CIV.P. 4(e)(1) (describing abode service for service of summons and complaint)."

Thus, the Doe and Hall courts, as well others, have interpreted Rule 45 to permit service by certified mail. Moreover, a growing number of courts have recognized that personal service is not required for subpoenas duces tecum. Ultradent Products, Inc. v. Hayman, 2002 WL 31119425 (S.D.N.Y.2002) (finding majority rule unpersuasive and holding that although delivery to the person was required, delivery did not require personal in-hand service); Western Resources v. Union Pacific R.R., 2002 WL 1822432 (D.Kan.2002) (holding that delivery of subpoena via Federal express was sufficient because effective service under Rule 45 is not limited to personal service); King v. Crown Plastering, 170 F.R.D. 355 (E.D.N.Y.1997) (holding that in-hand delivery is not required under Rule 45 so long as service is made in a manner that reasonably insures actual receipt of the subpoena). The courts that have embraced the minority position have in common a willingness to acknowledge that Rule 45 itself does not expressly require personal in-hand service, and a practical appreciation for the fact that the obvious purpose of Rule 45(b) is to *mandate effective notice to the subpoenaed party*, rather than slavishly adhere to one particular type of service.

Often overlooked Rule 1 reminds us that the rules are to be interpreted to "secure the just, speedy, and inexpensive determination of every action." Thus, as the courts have recognized, the real issue is one of notice of the subpoena to ensure

fairness. That effective notice has been given here can hardly be questioned. Exhibit C is the delivery confirmation for the certified mailing delivered to Mr. Hashim, who **signed for the delivery** personally. Thus, Mr. Hashim received both the personal subpoena to him as well as was properly served as an officer of Imaging Advantage, LLC. His attorney's appearance for purposes of objecting to the subpoena further demonstrates that Mr. Hashim had adequate notice of the subpoena and knew he was required to respond to it. The fact that Mr. Hashim himself is a licensed attorney further requires that conclusion.

### B. Objections

Mr. Hecker's letter, on behalf of Mr. Hashim and Imaging Advantage, LLC, further purports to "object" to the scope of the documents requested. However, such objections are without merit and should be overruled. First, it should be noted that at the time that Mr. Hecker made such objections (March 14, 2008) he **had not even seen a copy of the subpoena on Hashim**, as admitted in his letter in Exhibit D. Thus, no timely objections on the Hashim subpoena were (nor could have been) made. Hecker later re-raised the same objections (March 18, 2008) after finally seeing a copy of the subpoena (delivered to him by Lenzen's counsel). However those "later raised or renewed" objections are untimely under Rule 45(c)(2)(B) as having been made beyond the fourteen (14) day period after the subpoena was served. As such, with respect to the Hashim subpoena, there were no timely filed objections.

Moreover, despite claiming certain privileges in his letter (Exhibit D), Mr. Hecker has not identified the privileged material as required by Rule 45(d)(2), despite requests from Lenzen's counsel that he do so. Without the required privilege log, Lenzen cannot evaluate the propriety of the claims of privilege.

Hashim and Imaging Advantage, LLC do not even bother to identify which of the document categories are objectionable. But even on the merits, an analysis of the documents requested demonstrate that the remaining objections are baseless. LAS, Inc. has now gone inactive, and it is reasonable to subpoena the former president of the corporation to obtain documents. Moreover, Hashim has previously indicated to plaintiff's counsel that he possesses the requested information. The requests in the

4

subpoenas are not overly broad – rather they are narrowly tailored to information relevant to this case. Central to the resolution of the claims in this case are documents between Lenzen and Hashim at the time the Agreements sued upon were formed, and communications between the two thereafter. Also critical are documents relating to LA, LLC and its members (Mirza Baig and Akbar Sharfi) relating to the transition in ownership of the business. In fact, with LAS, Inc. defaulting in this case, it is certainly reasonable to pursue such discovery from individuals who ran the corporation.

### III.     Conclusion

Since the institution of the Complaint, Mr. Hashim has unfortunately taken the low road. He ignored the complaint, and thus his corporation LAS, Inc. is in default. He has avoided service and now attempts to do so again. Moreover, his counsel files baseless objections without even seeing the subpoena and refuses to participate in discussions to attempt to narrow the scope of the discovery dispute, thereby necessitating the filing of this motion. The subpoenas were properly served, as described herein, and were proper in scope and subject matter. Hashim and Imaging Advantage, LLC should be compelled to reply to them within ten (10) days.

WHEREFORE, Plaintiff Nicholas J. Lenzen respectfully requests that this Court compel production of documents and compliance with the served subpoenas duces tecum on Naseer Hashim and Imaging Advantage, LLC, for an aware of Lenzen's attorneys fees and costs associated with bringing this Motion, and for such other, further, and different relief as the court deems proper under the circumstances.

Dated: March 20, 2008                         Respectfully Submitted, on behalf of
                                              Plaintiff Nicholas J. Lenzen


                                              By:  /s/ Vladimir I. Arezina
                                                    Vladimir I. Arezina,
                                                    One of Its Attorneys

<u>Plaintiff's Attorneys:</u>
Vladimir I. Arezina
Carmen B. Patti
Scot R. Hewitt
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810
Email: varezina@phalegal.com

## **CERTIFICATE OF SERVICE**

Vladimir I. Arezina, an attorney, certifies that on Thursday, March 20, 2008, he caused the foregoing **Motion to Compel Production of Document Pursuant to Subpoenas Served on Naseer Hashim and Imaging Advantage, LLC** to be filed electronically, and to be served on the following persons by the Court's electronic filing system to all ECF registered parties indicated on the electronic filing receipt, and by U.S. Mail, postage prepaid:

>Darren M. Mungerson, Esq.
>Jenner & Block, LLP
>One IBM Plaza
>330 N. Wabash Ave.
>Chicago, Illinois  60611-7603

and on the following entity by U.S. Mail, postage prepaid and by facsimile and email:

>Dustin F. Hecker, Esq.
>Posternak, Blankstein & Lund, LLP
>Prudential Tower
>800 Boylston Street
>Boston, MA  02199-8004
>Fax:  617-367-2315
>Email:  dhecker@pbl.com
>Counsel for Naseer Hashim and Imaging Advantage, LLC

>/s/ Vladimir I. Arezina
>Vladimir I. Arezina (6276348)
>Patti, Hewitt & Arezina LLC
>One North LaSalle Street, Suite 4400
>Chicago, IL 60602
>Phone: 312-346-2800
>Fax: 312-346-2810
>Email:  varezina@phalegal.com