Westlaw.

155 F.R.D. 630  Page 1
155 F.R.D. 630
**(Cite as: 155 F.R.D. 630)**

Doe v. Hersemann
N.D.Ind. 1994

United States District Court, N.D. Indiana, Hammond Division.
John DOE, James Doe, and Jane Doe, Plaintiffs,
v.
Daryll D. HERSEMANN, Dolores M. Ruosch, Robert E. Schroer, Alan F. Harre, the Lutheran University Association, Inc., and Valparaiso University, Defendants.
**Civ. No. H 93-292.**

May 26, 1994.

On nonparty's motion to quash subpoena to appear to be deposed, the District Court, Moody, J., held that service of subpoena could be accomplished by certified mail.

Motion denied.

West Headnotes

**[1] Federal Civil Procedure 170A ⇐1353.1**

170A Federal Civil Procedure
   170AX Depositions and Discovery
      170AX(C) Depositions of Parties and Others Pending Action
         170AX(C)2 Proceedings
           170Ak1353 Subpoena
              170Ak1353.1 k. In General. Most Cited Cases
Service of subpoena for deposition could be accomplished by certified mail. Fed.Rules Civ.Proc.Rule 45(b)(1), 28 U.S.C.A.

**[2] Witnesses 410 ⇐13**

410 Witnesses
   410I In General
      410k7 Subpoena
         410k13 k. Service. Most Cited Cases
Personal service of subpoena on nonparty is not required; service may be accomplished by certified mail. Fed.Rules Civ.Proc.Rule 45(b)(1), 28 U.S.C.A.

*630 John P. Bushemi, John P. Bushemi, P.C., Merrillville, IN, for plaintiffs.
Mark E. Schmidtke, Hoeppner Wagner and Evans and Robert P. Stoner, Spangler Jennings and Dougherty P.C., Valparaiso, IN, for defendants.

*ORDER*

MOODY, District Judge.
[1][2] Jennifer A. Zygowicz, a non-party, puts before the court the question of whether service of a subpoena, pursuant to FED.R.CIV.P. 45(b)(1), can be accomplished by certified mail. Zygowicz attests that she received, by certified mail, a subpoena to appear to be deposed on May 27, 1994. She received the subpoena on May 13, 1994, but waited until today to properly move this court to quash on the grounds that she was not served by personal delivery. The court now holds that personal service is not required by Rule 45(b)(1). Accordingly, Zygowicz' motion is **DENIED.**

In construing the Federal Rules of Civil Procedure, the court is required to "secure the just, speedy, and inexpensive determination of every action." FED.R.CIV.P. 1. Rule 45(b)(1) states, in relevant part:
A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made *by delivering a copy thereof to such person....*

(Emphasis added). Nothing in this language suggests that in-hand, personal service is required to effectuate "delivery," or that service by certified mail is *verboten.* The plain language of the rule requires only that the subpoena be delivered to the person served by a qualified person. "Delivery" connotes simply "the act by which the *res* or substance thereof is placed within the actual ... possession or control of another." BLACK'S LAW DICTIONARY 428 (6th ed. 1990). Where a mail carrier is a non-party more than 18 years old, certified mail may well assure the delivery foreseen by Rule 45. By way of both contrast and example, abode service, where a document is left at

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.


EXHIBIT E

155 F.R.D. 630  
155 F.R.D. 630  
**(Cite as: 155 F.R.D. 630)**

Page 2

the served individual's dwelling, would not assure delivery *to the person. See*FED.R.CIV.P. 4(e)(1) (describing abode service for service of summons and complaint).

Zygowicz does not contend that the service here failed to effect delivery to her of the subpoena. *See* 5A JEREMY C. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 45.09[1] (1994) (party moving to quash subpoena bears burden of proof) ["MOORE'S"]. In such a case, it would serve only to torture the rules and to drive up the expense of litigation to construe Rule 45 as forbidding service by certified mail.

The court's conclusion is bolstered by the Federal Rule's description of personal service **\*631** in the summons and complaint context as "delivering a copy of the summons and of the complaint to the individual personally." FED.R.CIV.P. 4(e)(1). If "delivering ... to such person," as stated in Rule 45(b)(1), required personal, in-hand service, then "personally" in Rule 4(e)(1) would be pure surplusage. The better conclusion is that the drafters knew how to indicate a personal service requirement and that they chose not to do so when they created Rule 45. *Resolution Trust Corp. v. Gallagher,* 10 F.3d 416, 420 (7th Cir.1993) (statutes should be construed to avoid surplusage).

The court has not found, and Zygowicz does not direct it to, any authoritative precedent on this question. Zygowicz relies wholly upon a 1958 Alaska case, in which the court stated that a subpoena failed where "it was not personally served *and* was not issued out of the federal court having jurisdiction over [the deponent's] person." *Gillam v. A. Shyman, Inc.,* 22 F.R.D. 475, 479 (D.Alaska 1958) (Emphasis added). *Gillam* did not explain where it found this personal service requirement. Moreover, the statement is *dicta* in that the court stated that the issuing court lacked personal jurisdiction regardless of the method of service. *See* id.

This court has found district court opinions from other jurisdictions that do suggest a personal service requirement in situations involving compulsory process. *See, e.g., Khachikian v. BASF Corp.,* 1994 WL 86702 at \*1, 1994 U.S.Dist. LEXIS 2881 at \*2 (N.D.N.Y. March 4, 1994); *Benford v. American Broadcasting Co., Inc.,* 98 F.R.D. 40, 41 n. 5 (D.Md.1983); *In re: Johnson & Johnson,* 59 F.R.D. 174, 177 (D.Del.1973); *see also Conanicut Investment Co. v. Coopers & Lybrand,* 126 F.R.D. 461, 462 (S.D.N.Y.1992) (holding with the others, but offering that Rule 45 might be "re-evaluated with a view to permitting service of a subpoena other than by personal delivery"). Not one of these cases explains its conclusion, however; each simply refers to the text of Rule 45, which, as noted, does not command personal service. The persuasive authority of these cases is, accordingly, *de minimis.*

Likewise, the primary civil procedure treatises assert without explanation that personal service of a subpoena is required by Rule 45. *See* 5A MOORE'S,*supra,* at ¶ 45.05[1] (citing no authority); 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2461 (1971 & Supp.1994) (citing *Gillam* ). Like the district court opinions cited above, the failure of these otherwise persuasive texts to explain their conclusions severely undermines their usefulness here.

One federal appellate court-not the Seventh Circuit-has stated, again in *dicta,* that personal service is required upon service of a subpoena. *F.T.C. v. Compagnie De Saint-Gobain-Pont-A-Mousson,* 636 F.2d 1300, 1312-13 (D.C.Cir.1980). *F.T.C.* draws a bright line between the goal of notice underlying ordinary service of process and some unidentified other purpose underlying compulsory process. *Id.* This court fails to see the power of this distinction: a subpoena to a non-party deponent is designed to notify the party that the court requires his or her presence at a particular time and place just as surely as a summons and complaint notifies a person that he or she has been sued.

Rule 45(b)(1) is more narrow than Rule 4(e) as to how notification by service can take place, but it is not so narrow as Zygowicz would have it. For these reasons, Zygowicz' motion is **DENIED.**

**SO ORDERED.**

N.D.Ind. 1994  
Doe v. Hersemann  
155 F.R.D. 630

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.