**Westlaw.**

229 F.R.D. 501
229 F.R.D. 501, 62 Fed.R.Serv.3d 413
**(Cite as: 229 F.R.D. 501)**

Page 1

Hall v. Sullivan
D.Md.,2005.

United States District Court,D. Maryland.
Christopher HALL, Plaintiff,
v.
Roger SULLIVAN et al., Defendants.
No. CIV.A. WDQ-04-2846.

July 7, 2005.

**Background:** Former client brought suit against attorneys for malpractice, alleging that they negligently advised him to be involved in franchise operation as an investor rather than become the actual franchisee. Plaintiff issued subpoena duces tecum on franchisor, and franchisor moved to quash subpoena.

**Holding:** The District Court, Grimm, United States Magistrate Judge, held that service of subpoena duces tecum on nonparty by means of private delivery service satisfied "delivery" requirement of rule governing service of subpoenas on nonparties, as rule does not require personal in-hand service in case of subpoenas which only require production of documents.

Motion denied.

West Headnotes

**[1] Witnesses 410 €⟶16**

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases
Rule providing that service of a subpoena on a nonparty "shall be made by delivery and a copy thereof to such person" does not require in-hand personal service of a subpoena duces tecum on a nonparty. Fed.Rules Civ.Proc.Rule 45(b)(1), 28 U.S.C.A.

**[2] Witnesses 410 €⟶16**

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases
Service of subpoena duces tecum on nonparty by means of private delivery service satisfied "delivery" requirement of rule governing service of subpoenas on nonparties, as rule does not require personal in-hand service in case of subpoenas which only require production of documents. Fed.Rules Civ.Proc.Rule 45(b)(1), 28 U.S.C.A.

**\*501** Michael Patrick Coyle, Law Offices of Michael P. Coyle, Richard I. Chaifetz, Law Office of Richard Chaifetz, Columbia, MD, for Plaintiff.
Kathleen Howard Meredith, Stephan Y. Brennan, Iliff and Meredith PC, Pasadena, MD, for Defendants.

*MEMORANDUM AND ORDER*

GRIMM, United States Magistrate Judge.
    This memorandum addresses Sodexho Inc.'s ("Sodexho") Motion to Quash a Subpoena served by Plaintiff on January 15, 2005 (Paper No. 16), which Plaintiff, Mr. Christopher Hall, ("Plaintiff" or "Mr. Hall") opposed (Paper No. 18). Sodexho, which is not a party to this litigation, moved to quash a subpoena *duces tecum* served on it by the plaintiff, asserting several grounds including failure to effect proper service of the subpoena (Paper No. 16). Specifically, Sodexho argued that Fed R. Civ. P. 45 ("Rule 45" or "Rule"[FN1]) required personal in-hand service of the subpoena. *Id.* A hearing was held on **\*502** March 16, 2005, during which this Court denied Sodexho's motion to quash on all grounds, and found that the Plaintiff had served the subpoena in a manner that reasonably insured its actual receipt, which was sufficient service under Rule 45. (Paper No. 27). As I stated at the hearing and explain *infra*, the issue regarding whether Rule 45 requires personal in-hand service has not been

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



decided in this Circuit. Therefore, I am issuing this memorandum to provide a fuller explanation of my ruling on this particular issue and to provide guidance for future cases.

> FN1. Reference to a specific "Rule" in this memorandum and order refers to the Federal Rules of Civil Procedure.

**Background**

Because Sodexho is not a party to this action, a brief summary of the underlying facts is helpful in order to understand its role in this litigation and why Plaintiff served it with a subpoena. Plaintiff asserts in his complaint that he wanted to acquire an interest in the franchise known as "Smoothie King" in order to operate Smoothie King outlets on the University of South Carolina ("the University") campus. Plaintiff alleges that his former attorneys, the named defendants, negligently advised him to be involved as an investor only in the franchised Smoothie King outlets rather than become the actual franchisee.

Soon after he received this advice from his former attorneys, Plaintiff claims he entered into an oral agreement with Sodexho that would have allowed him to operate Smoothie Kings on the South Carolina campus. Plaintiff further alleges, however, that soon after Sodexho entered into the oral agreement with him, it entered into a side agreement with a national franchiser to operate the same Smoothie King outlets. Plaintiff alleges that he was precluded from asserting a cause of action for this alleged breach against Sodexho, however, because, as an investor rather than the actual franchisee, he did not have standing to sue Sodexho. Consequently, in the instant case, Plaintiff seeks damages from his former attorneys on the basis that, but for his former attorneys' alleged malpractice, he would have enjoyed the financial success of the South Carolina Smoothie King outlets or have been able to seek damages from Sodexho for not meeting its contractual obligation to Plaintiff.

To prove his damages, Plaintiff sought profit, sales, and other financial information from Sodexho. Accordingly, Plaintiff served Sodexho with a subpoena seeking this information and any related documents. In response, Sodexho moved to quash the subpoena for several reasons, including the assertion that Plaintiff had failed to deliver the subpoena *duces tecum* via personal in-hand service, which Sodexho contended was required by Rule 45. (Paper No. 16 at 6-7).

Plaintiff had served the subpoena on Sodexho via Federal Express. Sodexho confirmed that it actually received the subpoena and that it forwarded it to its general counsel's office. Moreover, Sodexho did not claim that it was unable to avail itself of the protections provided under Rule 45 to non-parties who are subpoenaed. As I ruled at the motions hearing held on March 16, 2005, and as set forth below, an examination of Rule 45 and the facts of this case persuades me that Rule 45 does not require personal in-hand service of a subpoena *duces tecum;* thus Plaintiff properly served Sodexho with the subpoena *duces tecum* and Sodexho's Motion to Quash was denied. (Transcript of March 16, 2005 Motions Hearing at 29-32).

**Discussion**

[1] The issue presented in this case-whether Rule 45 requires personal, in-hand service of a subpoena-has not been decided in the Fourth Circuit. As examined *infra,* when looking to other jurisdictions, a majority of courts have held that personal service is required, while a growing minority of others have not. Although disputes surrounding the service of non-party subpoenas may not occur with the same frequency as other discovery related disputes such as motions to compel, given the lack of guidance in this area, it is necessary to carefully examine the plain language of Rule 45 and the differing interpretations of what type of service is required under the Rule.

Rule 45 of the Federal Rules of Civil Procedure

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

229 F.R.D. 501　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3
229 F.R.D. 501, 62 Fed.R.Serv.3d 413
**(Cite as: 229 F.R.D. 501)**

permits parties in legal proceedings to compel a non-party to: (1) appear and *503 testify at a designated time and location; (2) produce documents; and/or (3) permit an inspection of premises. Fed.R.Civ.P. 45 (2005). Rule 45 also addresses the mechanisms by which a subpoena may be served and sets forth protections for persons subject to subpoenas.

The issue in this case is narrowed to the method by which a subpoena must be served. Rule 45(b)(1), which addresses the service "requirement," provides that "service of a subpoena upon a person named therein shall be made by delivery and a copy thereof to such person." Fed.R.Civ.P. 45(b)(1) (2005). What it does not do, however, is define the term "delivery."

Sodexho argued that Rule 45 requires in-hand personal service, and cited to a number of cases from courts other than the Fourth Circuit Court of Appeals expressing what appears to be the majority view that in-hand personal service is required. What is troubling about the cases cited, however, is the cursory discussion of Rule 45's requirements. For instance, Sodexho cited *Benford v. American Broadcasting,* 98 F.R.D. 40 (D.Md.1983); the only case from this district to consider this issue under Rule 45. In addressing the service requirements of Rule 45, however, the *Benford* court's analysis amounts to a single conclusory sentence. *Id.* at 41 n. 5. Thus, while Sodexho accurately stated that *Benford* stands for the proposition that "personal service is required when an individual is subpoenaed," the decision provides no analysis of why the court reached its holding, which is based solely on the language of the rule itself, even though the language of the rule does not require in-hand service, but rather merely requires delivery of a copy of the subpoena to the person commanded to appear. *Id.*

Sodexho also cited an unpublished Ninth Circuit Court of Appeals case, *Chima v. U.S. Department of Defense,* 23 Fed.Appx. 721, 2001 WL 1480640 (9th Cir.2001) (unpublished). In *Chima,* the Ninth Circuit concluded that subpoenas which have not been personally served are "defectively served." *Id.* at 725. Like the court in *Benford,* however, the Ninth Circuit cited solely to the rule itself for support and provided no further explanation. *Id.*

Additionally, Sodexho relied on the D.C. Circuit case *FTC v. Compagnie de Saint-Gobain-Pont-a-Mousson,* 636 F.2d 1300 (D.C.Cir.1980). *Compagnie* involved subpoenas issued by the Federal Trade Commission ("FTC") directing a citizen of another country to produce documents relevant to an ongoing antitrust investigation. *Id.* at 1304. The foreign national refused to comply on the grounds that the FTC failed to comply with the modes of delivery set forth in § 9 of the Federal Trade Commission Act,[FN2] an argument with which the court ultimately agreed. *Id.* In declining to issue an order to enforce the subpoenas, however, the court acknowledged that while the question presented "appear[ed] to rest solely upon statutory interpretation, [the court's] answer ... [was] primarily guided by [its] recognition of established and fundamental principals of international law." *Id.* Unlike *Compagnie,* the facts of the discovery dispute here do not implicate established and fundamental principles of international law. Accordingly, *Compagnie* is of little assistance in resolving the question presented in the instant case. *Id.*

> FN2. The court indicated that the "[s]ole issue to be resolved on ... appeal is the propriety of the technique employed by the FTC to *serve its subpoena abroad,* namely registered mail to a foreign citizen on foreign soil." *Compagnie,* 636 F.2d at 1306 (emphasis added).

Thus, candor requires an acknowledgment that the conclusory holding of a majority of courts appears to be that Rule 45 requires personal service of subpoenas. Nevertheless, a minority of better reasoned cases recently have challenged the wisdom of the majority view and have instead held that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**personal service** is not required-a position Plaintiff urges this Court to adopt. *See e.g., Doe v. Hersemann,* 155 F.R.D. 630 (N.D.Ind.1994) (holding that service of a **subpoena** via **certified mail** is sufficient under Rule 45, particularly when Defendant does not deny actual receipt); *Ultradent Products, Inc. v. Hayman,* 2002 WL 31119425 (S.D.N.Y.2002) (finding majority rule unpersuasive and holding that although delivery to the person was required, delivery did not require personal in-hand service); *504Western Resources v. Union Pacific R.R.,* 2002 WL 1822432 (D.Kan.2002) (holding that delivery of subpoena via Federal express was sufficient because effective service under Rule 45 is not limited to personal service); *King v. Crown Plastering,* 170 F.R.D. 355 (E.D.N.Y.1997) (holding that in-hand delivery is not required under Rule 45 so long as service is made in a manner that reasonably insures actual receipt of the subpoena). The courts that have embraced the minority position have in common a willingness to acknowledge that Rule 45 itself does not expressly require personal in-hand service, and a practical appreciation for the fact that the obvious purpose of Rule 45(b) is to mandate effective notice to the subpoenaed party, rather than slavishly adhere to one particular type of service.

I find the reasoning articulated in *Doe v. Hersemann* particularly persuasive. In *Doe,* non-party Jennifer Zygowicz moved to quash a subpoena directing her to appear to be deposed. 155 F.R.D. at 630. Ms. Zygowicz cited the majority rule and argued that delivery of the **subpoena** via **certified mail** violated the service requirements of Rule 45. *Id.* The court noted that although the majority rule required in-hand **personal service**, it was not persuaded by the circular reasoning employed by the majority in reaching that conclusion. *Id.* at 631.

In its analysis, the *Doe* court turned first to Federal Rule 1, which addresses the scope and purposes of the Federal Rules. *Id.* at 630. Although often overlooked, Rule 1 provides guidance regarding the manner in which the rules of procedure are to be interpreted requiring that they be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1 (2004). This simple rule serves as a reminder that in interpreting a rule that is not clear on its face a court should not exalt form over substance.

In *Doe,* as is the case here, the party seeking to quash the subpoena conceded that it had in fact received it. 155 F.R.D. at 630. Therefore, by applying Rule 1, the court concluded that requiring personal service in order to effectuate delivery, even where the party served has not denied it received the subpoena and had an opportunity to protect its interests, "would only serve to torture the rules and drive up the expense of litigation"-a conclusion that would be in direct contradiction to the directive of Rule 1. *Id.* at 631.

Relying on the language of Rule 45, the court observed:
Nothing in the language of the rule suggests in-hand **personal service** is required to effectuate "delivery," or that service by **certified mail** is *verboten.* The plain language of the rule requires only that the **subpoena** be delivered to the person served by a qualified person. Delivery connotes simply "the act by which the *res* or substance thereof is placed within the actual ... possession or control of another."

*Id.*

In further support of its conclusion that personal, in-hand service is not required by Rule 45, the *Doe* court looked to Rule 4(e)(1), which addresses the type of service required for a summons and complaint. *Id.* at 630-31. Rule 4(e)(1), in relevant part, states that "service ... may be effected by delivering a copy of the summons and of the complaint to the individual *personally....*"Fed.R.Civ.P. 4 (2005) (emphasis added). The *Doe* court observed that when the drafters of the Federal Rules wanted to require "personal service" of a pleading or paper, they were capable of doing so unambiguously. 155

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

229 F.R.D. 501                                                                                                                           Page 5
229 F.R.D. 501, 62 Fed.R.Serv.3d 413
**(Cite as: 229 F.R.D. 501)**

F.R.D. at 631. In contrast, in Rule 45 the drafters required only that the subpoena be "deliver[ed] ... to such person." *Id.* As the court in *Doe* observed, to read the word "personally" into Rule 45 would render the use of "personally" in Rule 4(e)(1) "pure surplusage," a practice not advocated.[FN3] *Id.* "[T]he drafters knew how to indicate a personal service requirement and ... they chose not to do so when they created Rule 45." *Id.* **\*505** (*citing Resolution Trust Corp. v. Gallagher,* 10 F.3d 416, 420 (7th Cir.1993)).

> FN3. The starting point for the interpretation of a statute "is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990); *see also Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985).

In sum, the court in *Doe* concluded that not one of the cases embracing the majority view "explains its conclusion ...; each simply refers to the text of Rule 45, which as noted does not command personal service. The persuasive authority of these cases, accordingly, is *de minimus.*" *Id.* I agree.

The *Doe* court also looked to civil procedure treatises for guidance, but found that they too asserted that personal service was required under Rule 45, again without any explanation, but solely in reliance of the cases espousing the majority position which, as noted, is lacking in analysis. *Id.*

One respected treatise, however, Moore's Federal Practice provides insight into the position of the courts' following the minority rule that personal service requirement is not required by Rule 45:(1) the actual language of the rule does not require personal service; (2) as Rule 4(e) demonstrates, the drafters of the Federal Rules knew how to require personal service when they wanted it; (3) the cases holding that personal service is required by Rule 45 do not provide meaningful analysis, but instead, simply quote the rule; and (4) there is absolutely no policy distinction that would justify permitting "lesser" forms of service for a summons and a complaint-which actually commence a lawsuit-but not for a subpoena. 9 James Wm. Moore et al., Moore's Federal Practice-Civil ¶ 45.03(4)(b)(i) (\_\_\_ ed. \_\_\_). This last reason is the most persuasive. It is illogical to permit a person to be brought into a lawsuit, with all its attendant risks of personal liability, on less than personal service, but to require personal service of a discovery or trial subpoena. The objective should be to ensure fair notice to the person summoned and an opportunity to challenge the subpoena, without unnecessarily imposing on the party seeking the discovery an unnecessarily cumbersome or expensive service requirement.

[2] So, although Moore does present the majority position that personal service is required, it at least acknowledges the minority view and notes the growing number of cases that have disagreed with the majority. One such case, *Western Resources v. Union Pacific R.R.,* is helpful in resolving the present dispute because it considered whether service of a subpoena by Federal Express complied with Rule 45. 2002 WL 1822432 (D.Kan.2002) (unpublished). The *Western Resources* court held,

> [G]iven the textual ambiguity of Rule 45, combined with the repeated attempts of the plaintiff to effectuate personal service, and the cost and delay that would result by requiring attempts at such service, this Court thus joins those holding that effective service under Rule 45 is not limited to personal service.... [Where] the alternative service used ...-service upon a non-party's counsel and Federal Express-reasonably insures actual receipt of the subpoena by the witness, the "delivery" requirement of Rule 45 is met, and, the party ... has been provided with fair and timely notice of [its] obligation to produce documents.

*Western Resources,* 2002 WL 1822432, at \*2. I find this reasoning persuasive and adopt it in this

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

case.

I further note that permitting service of a subpoena *duces tecum* on Sodexho by less than personal, but nonetheless effective service, in no way prejudices Sodexho. So long as it actually receives the subpoena, it is just as able to avail itself of the procedural protections of Rule 45(c)(2)(B)[FN4] as they would be if personally served.

> FN4. Entitled *Protection of Persons Subject to Subpoenas,* Rule 45(c) provides:
> **(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
> **(2)(A)** A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

\*506 Thus, it is clear from the protections provided in Rule 45 that when a non-party receives actual notice, as Sodexho did in this case, it need not appear, and can protect itself from being compelled to produce the materials requested simply by filing objections. *See* Fed.R.Civ.P. 45(c)(2)(A). Filing such objections shifts the burden to the Plaintiff to file a motion to compel.[FN5]

> FN5. In turn, the Court would then be required to apply the Rule 26(b)(2) cost/benefit balancing factors to determine whether the discovery requested would be ordered produced. Fed.R.Civ.P. 26(b)(2) (2005).

Finally, I am limiting my ruling to subpoenas *duces tecum* which only require production of documents.[FN6] Accordingly, where the only thing at stake is the production of documents, and the subpoenaed party need only object to shift the burden on the requesting party to file a motion to compel production of the requested documents, I see no reason to require in-hand delivery of subpoenas-so long as the service is in a manner that reasonably ensures actual receipt of the subpoena by the witness.

> FN6. In cases involving subpoenas commanding an individual to appear to testify, a legitimate argument may be made that personal service is required as the burden is greater and a failure to comply may expose the subpoenaed person to contempt sanctions-an issue the Court need not reach in this case.

As established during the motions hearing held on March 16, 2005, it is undisputed that Sodexho actually received the subpoena, and that upon receipt, was able to object and timely file a motion to quash,[FN7] thereby preventing an involuntary disclosure of the requested documents if, and until, the Court ordered otherwise. It follows that delivery of the subpoena via Federal Express comported with the service requirements of Rule 45. Defendant's motion to quash was accordingly DENIED.

> FN7. *See Transcript of March 16, 2005 Motions Hearing* at 7, ¶ 3-7.

D.Md.,2005.
Hall v. Sullivan
229 F.R.D. 501, 62 Fed.R.Serv.3d 413

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.