IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nicholas J. Lenzen, | ) | |
| | ) | |
|     Plaintiff | ) | Civil Action No. 07 C 6154 |
| | ) | |
| v. | ) | |
| | ) | U.S. District Judge Darrah |
| Legal Advantage, LLC | ) | |
| | ) | Magistrate Judge Denlow |
|     and | ) | |
| | ) | |
| Legal Advantage Services, Inc. | ) | |
| | ) | |
|     Defendants. | ) | Jury Trial Demanded |
| _____ | ) | |
| | ) | |
| Legal Advantage, LLC, | ) | |
| | ) | |
|     Counterclaim Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Nicholas J. Lenzen, | ) | |
| | ) | |
|     Counterclaim Defendant. | ) | |

## MOTION FOR JUDGMENT ON THE PLEADINGS WITH

## RESPECT TO COUNTS 3, 4 & 5 OF THE AMENDED COMPLAINT

    Plaintiff Nicholas J. Lenzen, by and through its attorneys, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, hereby moves for judgment on the pleadings with respect to Counts 3, 4 & 5 of the Amended Complaint, and in support thereof alleges as follows:

**I.    Background**

    The Amended Complaint and Exhibits in this matter were filed on November 19, 2007 (attached hereto as Exhibit 1). The Amended Complaint focuses on a dispute

1

stemming from a Service Agreement negotiated between and entered into by Lenzen and Defendant Legal Advantage Services, Inc. (LAS, Inc.). The Service Agreement was later assigned to Defendant Legal Advantage, LLC (LA, LLC), who did not participate in its formation. Under the Service Agreement, Lenzen acted as a sales person for LAS, Inc., and following the assignment to LA, LLC, continued as a sales person. Counts 4 & 5 of the Complaint seek declaratory judgment and reformation of a mutual mistake made in the formation of the Service Agreement, relating to the commission structure to be paid to Lenzen. Defendant LAS, Inc. was properly served on November 27, 2007, and following their failure to appear, a motion for default judgment against LAS, Inc. was filed. Default judgment against LAS, Inc. was granted on January 24, 2008 (Exhibit 2). Defendant LA, LLC has appeared in the action, and filed its Answer (Exhibit 3).

**II.    Argument**

In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits. *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority*, 378 F.3d 596, 600 (7th Cir. 2004). See also, FED. R. CIV. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir.1998). Where the plaintiff moves for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Housing Authority Risk Retention Group, Inc.*, at 600.

However, when a default judgment is entered, facts alleged in the complaint may not be contested. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (citing *Thomson v. Wooster,* 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885); *see also* Fed.R.Civ.P. 8(d) ("Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading."). Furthermore, "[a]s a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint." *Black*, at 1399, citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989).

This Court entered a default judgment against LAS, Inc. (the contracting party) on January 24, 2008. Thus, that defendant (LAS, Inc.) is deemed to have admitted the facts alleged in the complaint.

### A. Counts 4 & 5 of the Amended Complaint

Count 4 alleges that Plaintiff Lenzen and Defendant LAS, Inc. negotiated and came to an agreement as to a commission structure to be paid to Lenzen for his sales services. (Complaint, ¶¶ 50, 51). Count 4 also alleges that the actual agreement between Lenzen and LAS, Inc. as to such commission was as follows:

> "if Lenzen generated monthly sales of 250 sheets of drawings or less, he would be paid a commission of 20% of the monthly revenue received from such sales (less Lenzen's monthly base salary of $4,166.67); if Lenzen generated monthly sales between 251 and 350 sheets of drawings, he would be paid a commission of 25% of monthly revenue received (less Lenzen's monthly base salary of $4,166.67); and if Lenzen generated monthly sales greater than 350 sheets of drawings, he would be paid a commission of 30% of monthly revenue received (less Lenzen's monthly base salary of $4,166.67)." (Complaint, ¶ 51).

Count 4 goes on to allege that such agreement was reflected in the parties Letter of Intent, but that when the parties executed the formal Service Agreement (Exhibit B to the Complaint), a mutual mistake was made as to the expression of the commission structure in paragraph 4(c) therein. (Complaint, ¶¶ 52, 53). Count 4 further alleges that the parties actually operated under the true agreed upon commission structure for over four years, and that as a result of the mistake, paragraph 4(c) of the Service Agreement contains an incorrect and mistake expression as to the true agreement of the parties and should be reformed to reflect the true agreed upon commission above. (Complaint, ¶¶ 54-58).

Similarly, Count 5 alleges that the commission rate expressed in paragraph 4(c) of the Service Agreement is incorrect, and that the above stated commission structure is the true agreement of the parties. (Complaint, ¶¶ 60-61). Count 5 further alleges that an actual controversy exists as to the commission structure, and that Lenzen is entitled to a declaratory judgment on the issue. (Complaint, ¶¶ 62-63).

Plaintiff alleges and Defendant LA, LLC admits that the Service Agreement, which is the subject of the Amended Complaint, was formed exclusively between

3

Lenzen and LAS, Inc. (Complaint ¶¶ 15, 16; LA, LLC Answer, ¶¶ 15, 16) The Service Agreement plainly demonstrates, and LA, LLC admits, that LA, LLC was not a party to the contract, but merely was assigned the contract by LAS, Inc. (Complaint, Exhibit B, ¶¶ 27, 34; LA, LLC Answer, ¶ 27, 34).

Thus, the Complaint sets forth sufficient allegations for a mistake in an agreement negotiated and executed by and between Plaintiff and LAS, Inc. LAS, Inc. has since defaulted, and thus is deemed to admit the allegations of the Complaint, which include the mistake and the correct agreed upon commission rate. The remaining defendant LA, LLC, has no standing to challenge issues as to the *formation* of the agreement, since that was a matter exclusively between Plaintiff and LAS, Inc. Even so, LA, LLC admits that it was not a party to that contract, and that it was merely assigned that contract at some later point. LA, LLC could not introduce any evidence sufficient to counter LAS, Inc.'s admission (as a party to the contract) that a mistake is embodied therein, and any attempt to do so should not be permitted.

Therefore, judgment on the pleadings is appropriate as to Counts 4 & 5, and Plaintiff is entitled to entry of judgment on those counts and a declaration that the actual agreed upon commission rate is that stated above herein, and reformation of the Service Agreement accordingly to express such actual agreed upon commission rate.

### B. Count 3 of the Amended Complaint

Count 3 alleges that pursuant to the Third Amendment of the Service Agreement, Lenzen was to be issued certain stock and associated ownership in LAS, Inc., which was never done, in breach and contravention of the Service Agreement. (Complaint, Exhibit E, ¶¶ 39-44). As such, Count 3 alleges that Lenzen retains ownership of his 3% ownership interest and stock in LAS, Inc. (Complaint, ¶¶ 46-48).

Although LA, LLC is free to contest whether or not Lenzen's ownership in LAS, Inc. entitles him to any ownership interest in LA, LLC, the issue of Lenzen's ownership in LAS, Inc. is deemed admitted as a result of LAS, Inc.'s default. Therefore, judgment on the pleadings is appropriate as to Count 3 with respect to LAS, Inc., and Plaintiff is entitled to entry of judgment on that count and a declaration that Lenzen is and was

beginning February 15, 2005, a three percent (3%) owner of all outstanding stock in LAS, Inc.

WHEREFORE, Plaintiff Nicholas J. Lenzen respectfully requests that this Court enter judgment on the pleadings with respect to Counts 3, 4 & 5 of the Amended Complaint as requested herein, and for such other, further, and different relief as the court deems proper under the circumstances.

Dated: April 9, 2008                    Respectfully Submitted, on behalf of
                                        Plaintiff Nicholas J. Lenzen


                                        By:  /s/ Vladimir I. Arezina
                                             Vladimir I. Arezina,
                                             One of Its Attorneys


Plaintiff's Attorneys:
Vladimir I. Arezina
Carmen B. Patti
Scot R. Hewitt
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810
Email: varezina@phalegal.com

## CERTIFICATE OF SERVICE

Vladimir I. Arezina, an attorney, certifies that on Wednesday, April 9, 2008, he caused the foregoing **Motion for Judgment on the Pleadings With Respect to Counts 3, 4 & 5 of the Amended Complaint** to be filed electronically, and to be served on the following persons by the Court's electronic filing system to all ECF registered parties indicated on the electronic filing receipt, and by U.S. Mail, postage prepaid:

    Darren M. Mungerson, Esq.
    Jenner & Block, LLP
    One IBM Plaza
    330 N. Wabash Ave.
    Chicago, Illinois  60611-7603

    /s/ Vladimir I. Arezina
    Vladimir I. Arezina (6276348)
    Patti, Hewitt & Arezina LLC
    One North LaSalle Street, Suite 4400
    Chicago, IL 60602
    Phone: 312-346-2800
    Fax: 312-346-2810
    Email:  varezina@phalegal.com