IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nicholas J. Lenzen, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No.  07 C 6154 |
| | ) | |
| v. | ) | |
| | ) | U.S. District Judge Darrah |
| Legal Advantage, LLC | ) | |
| | ) | Magistrate Judge Denlow |
| and | ) | |
| | ) | |
| Legal Advantage Services, Inc. | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |
| _____ | ) | |
| | ) | |
| Legal Advantage, LLC, | ) | |
| | ) | |
| Counterclaim Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Nicholas J. Lenzen, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**<u>MOTION FOR FINDING OF CONTEMPT AND SANCTIONS</u>**

Plaintiff Nicholas J. Lenzen, by and through its attorneys, pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, hereby moves for a finding of contempt and appropriate sanctions against Naseer Hashim for failing to comply with a subpoena, and in support thereof alleges as follows:

**I.    Background**

This matter involves a contract and business dispute between Plaintiff Nicholas Lenzen ("Lenzen") and Defendants Legal Advantage Services, Inc. ("LAS, Inc.") and Legal Advantage, LLC ("LA, LLC").  As alleged in the Complaint, among other things,

1

Lenzen was contracted as a salesperson by LAS, Inc., which later sold its business to LA, LLC which continued to utilize Lenzen's services under the contract. Naseer Hashim is the president of LAS, Inc. and the custodian of its documents. An order of default has been entered against LAS, Inc. for failing to timely appear and answer the Complaint.

Lenzen served upon Naseer Hashim a subpoena requesting documents relating to the instant dispute. Exhibit A. After the subpoena was ignored, Lenzen filed a Motion to Compel production pursuant to the subpoena, which this Court granted on March 27, 2008, giving Hashim until April 10, 2008 to respond. Exhibit B. On April 10, 2008, Hashim delivered documents in an effort to comply with the subpoena. Unfortunately, such production falls woefully short with complying with the subpoena. Moreover, Hashim inappropriately redacted documents which produced, and improperly lodged further objections which were previously overruled by this Court in the Motion to Compel. Efforts by Plaintiff's counsel to narrow the dispute with Mr. Hashim and his attorney Dustin Hecker, Esq. have been met with additional stalling and consistent refusal to make the requisite production. As such, Plaintiff Lenzen seeks an order of contempt against Hashim and his counsel, as well as sanctions in the form of attorneys fees for having to bring this motion and the motion to compel, and such other relief that the Court deems appropriate. Plaintiff further seeks that the Court order full compliance and production of the items specifically identified herein.

## II.　Argument

### A.　Documents Not Produced

Item number 10 on the Hashim Subpoena requested "your current driver's license." Mr. Hashim produced a driver's license from the State of Virginia. Exhibit C. However, he redacted (without legal basis) the date of birth and driver's license number. Moreover, he stated in correspondence that the driver's license produced ***was not his current address.*** Exhibit D. By definition, this cannot be his current driver's license, as the subpoena was served on Mr. Hashim some seven weeks ago, and he was required to update his current driver's license within thirty (30) days of relocating to his new

2

address. Thus, Lenzen seeks a complete and un-redacted copy of Mr. Hashim's current driver's license reflecting his current residential address.

Item numbers 1, 2, 3 and 4 cover documents relating to Legal Advantage Services, Inc. and Nicholas Lenzen. This includes, as was explained to counsel for Hashim, documents such as:

- (i) Commission reports from LAS, Inc. to Lenzen;
- (ii) Correspondence and emails between LAS, Inc. and Lenzen;
- (iii) Documents relating to the disposition of monies received from the Asset Purchase Agreement with Legal Advantage, LLC;
- (iv) Documents relating to shareholder meetings, director meetings, and board resolutions;
- (v) Corporate books;
- (vi) Financial and accounting documents for LAS, Inc.;
- (vii) Insurance policies offering LAS, Inc. coverage; and
- (viii) Correspondence between LAS, Inc. and LA, LLC and its members;

None of these documents were produced. When these subject matters were inquired about and discussed with Hashim's counsel, Plaintiff's counsel was told that Hashim had produced all of the documents he possesses, and further that if Lenzen wanted documents relating to the company, he should have served Hashim in his capacity as "custodian of the records for Legal Advantage Services, Inc." Such argument is without merit. There is no legal basis upon which Hashim can avoid full compliance with the subpoena by arguing that the subpoena lacked the words "as custodian of record." Instead, the properly served subpoena required Hashim to produce all documents in his possession, custody and control. Given that Legal Advantage Services, Inc. remains active (according to Hashim's counsel), and that Hashim is the president (there are no other known employees remaining), a subpoena served on Hashim operates as to all documents readily accessible to him, including those of the corporation. Clearly, as the remaining individual associated with the company, the documents are in his custody and control, if not in his immediate possession.

### III.    Conclusion

Since the institution of the Complaint, Mr. Hashim has unfortunately taken the low road.  He ignored the complaint, and thus a default judgment has been entered against his corporation LAS, Inc.  He has avoided service and attempted to do so again with the instant subpoena.  Moreover, his counsel offers baseless objections without even seeing the subpoena in question.  The subpoena was properly served, and the granted Motion to Compel ended any inquiry on that issue.  Hashim has made a bare-bones effort to produce some documents in response to the Motion to Compel being granted, but has fallen woefully short in doing so.  Instead, he stands on a ludicrous argument that he was not served "as custodian of records" and thus need not produce documents of the corporation.  No legal basis exists for such an argument.  Moreover, he inappropriately redacts documents in the production without basis therefor.

WHEREFORE, Plaintiff Nicholas J. Lenzen respectfully requests that this Court compel complete production of documents and compliance with the served subpoenas duces tecum on Naseer Hashim (including the specific itemized list herein), overrule all objections untimely lodged by Hashim and his counsel, for a finding of contempt, and for an award of Lenzen's attorneys fees and costs associated with bringing this Motion and the prior Motion to Compel, and for such other, further, and different relief as the court deems proper under the circumstances.

Dated: April 17, 2008                    Respectfully Submitted, on behalf of
                                         Plaintiff Nicholas J. Lenzen

                                         By:   /s/ Vladimir I. Arezina
                                              Vladimir I. Arezina,
                                              One of Its Attorneys

Plaintiff's Attorneys:
Vladimir I. Arezina
Carmen B. Patti
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810
Email: varezina@phalegal.com

## CERTIFICATE OF SERVICE

Vladimir I. Arezina, an attorney, certifies that on Thursday, April 17, 2008, he caused the foregoing **Motion for Finding of Contempt and Sanctions** to be filed electronically, and to be served on the following persons by the Court's electronic filing system to all ECF registered parties indicated on the electronic filing receipt, and by U.S. Mail, postage prepaid:

> Darren M. Mungerson, Esq.
> Jenner & Block, LLP
> One IBM Plaza
> 330 N. Wabash Ave.
> Chicago, Illinois  60611-7603

and on the following entity by U.S. Mail, postage prepaid and by facsimile and email:

> Dustin F. Hecker, Esq.
> Posternak, Blankstein & Lund, LLP
> Prudential Tower
> 800 Boylston Street
> Boston, MA  02199-8004
> Fax:  617-367-2315
> Email:  dhecker@pbl.com
> Counsel for Naseer Hashim and Imaging Advantage, LLC

> /s/ Vladimir I. Arezina
> Vladimir I. Arezina (6276348)
> Patti, Hewitt & Arezina LLC
> One North LaSalle Street, Suite 4400
> Chicago, IL 60602
> Phone: 312-346-2800
> Fax: 312-346-2810
> Email:  varezina@phalegal.com